Signed: February 20, 2008



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

EUGENIE BROUSSARD,

        Debtor.
_____/

No. 07-41711 T
Chapter 11

**MEMORANDUM AND ORDER DIRECTING APPOINTMENT OF CHAPTER 11 TRUSTEE**

      The debtor appeared through counsel on February 20, 2007 at 2:00 p.m. at the hearing on the Court's order to show cause why the case should not be converted to chapter 7 of the Bankruptcy Code, dismissed, or a chapter 11 trustee appointed. At the conclusion of the hearing, the Court directed the Office of the United States Trustee to appoint a chapter 11 trustee. The basis for the Court's ruling is set forth below.

      The Court scheduled the hearing because the debtor's original plan, which was grossly deficient in many respects, also appeared to be in bad faith in that it proposed to sell unencumbered, nonexempt real property in Wyoming and to use the proceeds to cure the arrears on her exempt real property with no guaranty that unsecured creditors would be paid. Moreover, the debtor failed to disclose the value of

any of her real property, the nature of her valuable personal property, or the amount of the rental income she receives on her rental property. The plan also failed to classify all of the debtor's secured claims or to propose a treatment for them.

On February 19, 2008, one day before the hearing scheduled on the Court's order to show cause, the debtor filed an amended plan and disclosure statement. The Court reviewed these documents and found them only marginally better than the original filings.

In the amended disclosure statement, the debtor discloses that she has a sale for which she is seeking court approval of the real property in Wyoming which she expects to net over $87,000. She states that she intends to use the proceeds to cure the arrears on her house which she states are about $27,000 and that she will then seek to dismiss her case. The plan reveals that the debtor also has arrears of about $30,000 on her rental property in California and Arizona. Clearly, the debtor intends to use a portion of the proceeds from the sale of the Wyoming property to cure these arrears.

The debtor does not disclose the amount of her unsecured debt which according to her schedules totals about $57,000. If permitted to dismiss her case, she states that she will pay these debts from future income. She is currently unemployed and has been apparently since March 2007. Moreover, her disclosure statement and schedules make it clear that she has sufficient equity in her nonexempt property to pay these claims in full. Given the fact that the debtor has been in chapter 11 for approximately eight months, the Court is unwilling to let the debtor simply dismiss her case based on a

2

speculative promise to pay unsecured claims at some time in the future.

The plan also states that, if the debtor is not permitted to dismiss her case after selling the Wyoming real property and if the proceeds of the sale of the Wyoming real property are insufficient to pay her unsecured debts, she will also sell the Arizona real property in order to pay those debts. Clearly, the proceeds of the sale of the Wyoming real property will be sufficient to pay the unsecured debts and the arrears on the debtor's residence. The only way in which a shortfall will occur is if the debtor also uses the sale proceeds to pay the arrears on her rental properties. Moreover, no sale is pending on the Arizona real property, and no time frame is specified in the plan within which she must sell it. In addition, the disclosure statement also refers to a proposed refinance of the remaining real property. The plan contains no such provision.

The plan does not appear to schedule all of the debtor's secured debt, and the names of the secured creditors identified in the plan are inconsistent with those scheduled and disclosed elsewhere in the record. In the plan, the only secured claims scheduled are a GMAC claim secured by the debtor's residence, a GMAC claim secured by the debtor's Antioch real property, and an Aurora Loan Service claim secured by the Arizona real property. In the debtor's bankruptcy schedules, the debtor identifies two creditors secured by the Antioch real property, GMAC and Aurora. It is unclear whether there are two loans on the property or only one. Moreover, a motion for relief from the automatic stay was filed by Mortgage Electronic Registration

3

Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc. Finally, the debtor also listed in her schedules but did not classify as a secured claim in her plan the Bank of Stockton as a cr editor secured by her Jeep Cherokee.

The disclosure statement does not contain a summary of the debtor's assets or a liquidation analysis. Thus, the reader can only discover by reading the schedules that the debtor owns an unencumbered truck valued at $5,000 and an unencumbered boat valued at $8,000. There are numerous other problems. For example, her plan fails to designate numbers for the classes of claims or to describe them as impaired or unimpaired. The proposed treatment, if provided, is too nonspecific. The plan states that there is no class of equity. Yet, the disclosure statement acknowledges that, when the debtor is an individual, the debtor represents the equity class.

The priority claims listed in the debtor's schedules include a claim owed to the court of $1,039, the amount of the filing fee. However, the docket does not reflect nonpayment of the filing fee. Of particular interest to the Court is a reference on Schedule I, the debtor's income statement, of payments of $6,300 as the average from prior sales. However, in answer to question 10 on the debtor's statement of financial affairs, no transfers are disclosed outside the ordinary course of business within the last two years.

In sum, particularly since this is an amended plan and disclosure statement, the Court concludes that either the debtor is proceeding in bad faith or is in any event incapable of formulating a reasonable chapter 11 plan and an adequate disclosure statement.

4

Dismissal would be unfair to unsecured creditors.  The Court offered the debtor conversion to chapter 7 but the debtor expressed the desire to continue to attempt to confirm a chapter 11 plan which appointment of a chapter 11 trustee would permit her to do. Consequently, the Court concluded that directing the Office of the United States Trustee to appoint a chapter 11 trustee was in the best interests of all concerned.  Based on the foregoing, good cause appearing therefor, it is

    SO ORDERED.

END OF DOCUMENT

COURT SERVICE LIST

Fayedine Coulter
Law Offices of Fayedine Coulter
1425 Leimert Bl. #306
Oakland, CA 94602