**Entered on Docket
March 10, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: March 10, 2008**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 07-41711 T
                                         Chapter 11
EUGENIE BROUSSARD,

    Debtor-in-Possession.
_____/

**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION**

    Debtor Eugenie Broussard moves for reconsideration of the Court's order directing the appointment of a chapter 11 trustee. For the reasons set forth below, the motion will be denied.

    The above-captioned chapter 11 case was filed on June 6, 2007. A status conference was conducted on August 6, 2007. At the status conference, debtor's counsel informed the Court that the debtor had real property for sale in Wyoming and that, when the sale was expected to generate sufficient cash to bring the debtor current on her home mortgage. On that basis, she requested and obtained a continuance of the status conference to October 1, 2007 with no deadline set for filing a plan and disclosure statement.

    On September 24, 2007, the debtor filed a status conference statement. The statement revealed that the debtor owed unsecured

creditors approximately $57,000. It also represented that the debtor had obtained a refinance on her home mortgage but that the lender required the bankruptcy case to be dismissed. Consequently, the debtor represented that she intended to move to dismiss the case. The debtor represented that she had not yet received any offer to purchase the Wyoming real property. The same information was presented to the Court at the continued status conference. Based on these representations, the debtor was given a hearing date of November 5, 2007 for the motion to dismiss, and the status conference was continued to this date as well.

No motion to dismiss was filed. On October 31, 2007, the debtor filed a status conference statement, representing that the original refinancing had fallen through but stating that the debtor now had a new refinancing in progress. It represented that the debtor still had no offer to purchase the Wyoming real property. The debtor asked that the status conference be continued for 45 days and no plan deadline be set. The debtor continued to represent that she intended to dismiss her case as soon as the refinance on her home mortgage was completed. The same information was communicated at the status conference on November 5, 2007. Due to the length of time that had passed during the chapter 11 and the information that the debtor had substantial unsecured debt, the Court declined to grant the request this time. A deadline of 60 days was set for filing a plan and disclosure statement.

On January 4, 2008, the debtor filed a plan and disclosure statement. As directed by the Court, the plan and disclosure

2

statement were submitted to the Court for conditional approval. The Court found the plan and disclosure statement grossly deficient. Moreover, after reviewing the plan and disclosure statement, the Court had serious concerns about the debtor's intentions with respect to her unsecured creditors. As a result, on January 16, 2008, it issued an order directing the debtor to appear on February 20, 2008 to show cause why the case should not be converted to chapter 7 or a chapter 11 trustee appointed.

The reasons for its concerns, as set forth in the order, in brief, were as follows:

The debtor proposed to sell unencumbered nonexempt real property in Wyoming and to use the sale proceeds to cure the arrearages on her exempt real property and to pay unsecured creditors only from any excess or from future income. She failed to disclose whether there was likely to be any excess and, if so, whether the excess would be sufficient to pay unsecured claims in full. She also disclosed that she was currently unemployed. Nevertheless, the disclosure statement represented that the plan presented virtually no risk to unsecured creditors.

The Court also noted the numerous deficiencies in the plan and disclosure statement. For example, the plan failed to classify all of the debtor's secured claims, failed to provide sufficient information concerning the two secured claims that were classified, and failed to set forth a proposed treatment for those claims. The order to show cause also noted that the disclosure statement failed to disclose the amount of the debtor's unsecured claims and failed to

3

disclose the existence of several of her scheduled assets of value: i.e., a car, a boat, and a truck. Of the assets she did disclose, for example, her real property, the disclosure statement failed to disclose its value.

On February 16, 2008, the debtor filed an amended plan and disclosure statement. The Court reviewed the amended plan and disclosure statement prior to conducting the hearing on the order to show cause on February 20, 2008. Having concluded that the amendments were insufficient to satisfy its concerns, that the debtor was unable to formulate a confirmable plan, and that appointment of a chapter 11 trustee was in the bests interests of the estate, the Court issued an order to that effect. At the request of the debtor and the Office of the United States trustee, the Court issued a memorandum setting forth the basis for its ruling, which it had given orally at the hearing.

In the memorandum, the Court noted that the amended disclosure statement revealed that the debtor now had a sale of the Wyoming real property which was expected to net $87,000. It represented that the debtor intended to use the proceeds to cure the arrearages on her home mortgage and then to dismiss her case. It revealed that the proceeds would be insufficient to pay both her substantial arrearages on her rental real property and her unsecured claims. The Court thought it likely that the debtor would use the balance of the net sale proceeds after bringing her home mortgage current to cure the arrearages on her rental properties. This would leave her unsecured creditors unpaid or at best with only a partial payment. The

4

disclosure statement continued to represent that the debtor was currently unemployed.  The Court stated that, given the length of time that the debtor had been in a chapter 11 case, dismissing the case under these circumstances appeared inappropriate.

Moreover, the Court noted that the plan and disclosure statement were still grossly deficient.  The plan still did not classify all of the debtor's secured claims, did not contain a summary of the debtor's assets, and did not contain a liquidation analysis.  Numerous other deficiencies were noted.  Based on the debtor's failure to cure even those easily cured deficiencies previously noted by the Court, the Court concluded that the debtor was incapable of proposing a confirmable plan.  Therefore, the Court directed the appointment of a chapter 11 trustee.

On February 28, 2008, the debtor moved for reconsideration.  In her motion, the debtor repeated that a sale of the Wyoming real property is pending and that, if consummated, will provide $87,700 to the estate.  She also indicated that a sale is pending of the Arizona real property.  She then made the somewhat confusing statement that she owes the United States trustee $975 as the result of a sale of her property which took place only recently.  It is unclear to what sale she refers.  The Court has not approved the sale of the debtor's property.  She further stated that, since it appears that there is a shortfall of $20,000 to pay all her creditors in full, she is seeking personal loans or a short term loan against her home to raise this sum.  The Court has no confidence that she will seek court approval for these transactions.  Finally, the debtor expressed confidence

5

that she can amend her plan so that it is confirmable. Again, the Court continues to have no confidence, based on her performance thus far, that she can do so.

The Court finds that the motion contains an insufficient basis for reconsideration. Moreover, the appointment of a chapter 11 trustee will not preclude the debtor from amending her plan a second time.

Based on the foregoing, it is hereby

ORDERED that the debtor's motion for reconsideration of the Court's order directing the appointment of a chapter 11 trustee be, and it hereby is, denied.

END OF DOCUMENT

COURT SERVICE LIST

Fayedine Coulter
Law Offices of Fayedine Coulter
1425 Leimert Bl. #306
Oakland, CA 94602